IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATED ELECTRIC AND GAS INSURANCE SERVICE LIMITED,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>AMERICAN INTERNATIONAL GROUP, INC. and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV368 DAK |

　　　　This matter is before the court on Defendant's Motion to Dismiss.  A hearing on the motion was held on November 9, 2011.  At the hearing, Plaintiff Associated Electric & Gas Services Limited ("AEGIS") was represented by Greggory J. Savage, and Defendant American International Group ("AIG") was represented by Patrick Fredette.  The court has carefully considered the memoranda and other materials submitted by the parties.   Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　The Complaint filed by Associated Electric & Gas Insurance Services Limited ("AEGIS") pertains to an intra-insurer dispute over claimed obligations arising from incidents that occurred at the Crandall Canyon Mine ("Crandall Canyon claims").   In the instant Motion to Dismiss, AIG contends that the action should be dismissed (1) pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure (FRCP) because AEGIS cannot establish a prima facie case of personal jurisdiction; (2) pursuant to FRCP 12(b)(4) and 12(b)(5) for lack of effective service of process on AIG ; and (3) pursuant to 12(b)(6) for failure to state a claim because the National Union policy makes clear that National Union is the issuing company and insurer. In contrast, AIG does not write or issue policies of insurance and thus has never issued an insurance policy to Murray Energy Company.

### A. Personal Jurisdiction

AIG argues that this court has neither general nor specific personal jurisdiction over AIG, which, it claims, is a holding company that has no contacts with Utah. Spcifically, AIG contends that the insurance policy at issue in this lawsuit was issued by National Union, which is a direct, wholly-owned (100%) subsidiary of Chartis U.S., Inc., which is a wholly-owned (100%) subsidiary of Chartis Inc., which is a wholly-owned (100%) subsidiary of AIUH LLC, which is a wholly-owned (100%) subsidiary of AIG, a publicly held corporation organized under the laws of Delaware, with its principal place of business located in New York.

AIG maintains that National Union and AIG are separate legal entities with separate directors, officers, books, records, and financial accounts. Further, it offers evidence that AIG is not qualified to conduct business in Utah, it does not do business in Utah, it does not own property in Utah, nor does it maintain offices or agents in Utah. AIG also contends that AIG is not an insurance company and does not administer insurance claims or provide claims services to companies issuing insurance policies. Moreover, AIG argues, Utah courts have held repeatedly that a parent–subsidiary relationship is an insufficient basis for specific personal jurisdiction over

2

a parent corporation absent evidence indicating that the subsidiary acted as the agent or alter ego of the parent corporation in the target jurisdiction. Thus, it urges this court to dismiss the claims against AIG.

On the other hand, AEGIS argues that despite the lack of discovery in this case, the publicly available information makes clear that, while National Union may be a separate legal entity from AIG, AIG exercises substantial influence and control over National Union such that National Union's sole purpose is to further the business of AIG. It argues that it has established a prima facie case that there is such a unity of interest between AIG and National Union that the court may exercise jurisdiction over AIG solely on the basis of the court's undisputed jurisdiction over National Union. Specifically, AEGIS argues, In AIG's financial reporting, AIG discloses that it manages its operations along business lines, not by individual subsidiary. Also, AEGIS contends, the court can safely assume, as it is allowed to do in considering AIG's motion, that AIG appoints the management of National Union and controls every significant decision made by National Union. In addition, AEGIS argues that National Union uses the AIG logo, which logo appears on National Union policies.

After reviewing the evidence presented and the case law, the court concludes that it does not have personal jurisdiction over AIG. When a court's power to exercise personal jurisdiction over a non-resident defendant is challenged by a motion under FRCP 12(b)(2), the plaintiff bears the burden of proving the existence of the grounds for jurisdiction. *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). The court recognizes, however, that at this preliminary stage of the litigation, this burden is "light." *Employee's Mut. Cas. Co. v. Bartile*

*Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010); *Soma Med. Int'l. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). But the party attempting to establish personal jurisdiction may rely on the allegations in the complaint only "to the extent they are uncontroverted by the defendant's affidavits." *Behagen v. Amateur Basketball Asso.*, 744 F.2d 731, 733 (10th Cir. 1984). Moreover, only if both parties "present conflicting affidavits" is the court required to resolve factual disputes in AEGIS' favor. *Id*.

AEGIS cannot establish "substantial and continuous local activity" by AIG in Utah given the demonstrable fact that AIG does not provide and is not licensed to provide insurance services in Utah or conduct any business whatsoever in Utah. Given the absence of facts which, if true, could establish "substantial and continuous local activity" by AIG in Utah, the court lacks general personal jurisdiction over AIG.

In addition, the court finds that AEGIS has not established a prima facie case of specific personal jurisdiction based on the parent/subsidiary relationship. There is no evidence that AIG is the alter-ego of National Union or that National Union is acting as AIG's agent. AEGIS argues that it "can more than meet its light burden of making out a prima facie case that there is such a unity of interest between AIG and National Union, the Court may exercise jurisdiction over AIG solely on the basis of the Court's undisputed jurisdiction over National Union."[1] The court, however, disagrees that showing a "unity of interest" is sufficient to exercise personal jurisdiction over AIG in this case.

---

[1] *See* AEGIS's Mem. in Opp'n at 11.

To support its argument, AEGIS relied on, among other cases, this court's decision in *Time Critical Solutions, LLC v. Acomm, Inc.*, 2008 WL 2909329, *6 (D. Utah). AEGIS claims that this court found that "even when a party does not have any direct contacts within the State of Utah, this court can exercise personal jurisdiction over that party based on the activities of its agent in the State of Utah."[2] *Time Critical Solutions*, however, involved significantly different facts than the case at bar. Indeed, the court is not persuaded by any of the cases cited by AEGIS because the facts are materially different from those in the instant case.

There are other cases from this court and the Tenth Circuit that are more factually similar to the instant case, and those cases do not find personal jurisdiction merely based on the unity of interest that exists between a parent and subsidiary. For example, in *Tigerstripe Paintball, LLC v. Heckler & Koch, Inc.*, 2010 U.S. Dist. LEXIS 7098 (D. Utah 2010), a paintball designer filed suit against a paintball gun manufacturer, its parent corporation and the parent corporation's agent for trademark infringement and tortious interference with its business relationships. *Id.* at *1-6. The parent corporation and its agent, both out-of-state residents, filed motions to dismiss for lack of personal jurisdiction. *Id.* at *1-2. The plaintiff failed to satisfy its burden to establish a prima facie case for personal jurisdiction because nothing in the record showed these defendants were "a party to any of the transactions or communications" raised in the plaintiff's complaint. *Id..* at *5. Moreover, while the plaintiff had alleged that the subsidiary defendant was wholly owned by the parent corporation, these allegations were "unavailing" as the plaintiff had

---

[2] *Id*.

"not alleged, much less provided evidence, that [the subsidiary] is the alter-ego of [the parent corporation] or acting as [the parent corporation's] agent. [The parent corporation's] status as the parent of [a] wholly-owned subsidiary [defendant corporation] by itself (and the court has nothing else), is insufficient to establish personal jurisdiction over [the parent corporation]." *Id.* at \*10;  *see also Benton v. Cameco Corp.*, 375 F.3d 1070 (10th Cir. Colo. 2004); *Litster v. Alza Corp*, 2006 U.S. Dist. LEXIS 86006 (D. Utah 2006); *Bartlett Grain Co., L.P. v. American Int'l Group*, 2011 WL 3794036 (W.D. Mo Aug. 24, 2011) (finding that "the plaintiff must show that the parent dominates and controls the subsidiary; mere ownership of subsidiary is insufficient to justify personal jurisdiction" and citing cases).  The same is true here: there is no actual evidence that National Union is the alter ego of AIG or that it is acting as AIG's agent.

### B.  Stating a Plausible Claim

Moreover, the court agrees with AIG that AEGIS has failed to state a claim against AIG because the National Union policy makes clear that National Union is both the issuing insurer and the contractually responsible party with respect to the coverage provided by Policy No. BE 7250668.  A parent–subsidiary corporate relationship between AIG and National Union, in and of itself, it legally insufficient to state any applicable claim against AIG.  Utah observes the universal rule that "[w]ith respect to parent-subsidiary relationships, '[a] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.'" *Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1018-1019 (10th Cir. Utah 2011) (citing *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that AIG's Motion to Dismiss [Docket No. 21] is GRANTED, and the claims asserted against AIG are DISMISSED.

DATED this 27th day of January, 2012.

BY THE COURT:

DALE A. KIMBALL
United States District Judge