IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:11-cv-00368-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A).  (Docket Nos. 49; 56.) The Court considers Plaintiff's motion to enforce the scheduling order and for a protective order. (Dkt. No. 56.)  For the reasons described below, the Court **GRANTS** in part and **DENIES** in part the motion.

## II.  PROCEDURAL HISTORY

On February 4, 2013, the parties jointly moved to modify the scheduling to divide the case "into two phases."  (Dkt. No. 51 at 2.)  The parties wanted to limit the first phase to completing discovery regarding insurance "policy interpretation issues . . . ."  (*Id.*)[1]  After the parties

---

[1] According to Plaintiff's complaint, the parties dispute the insurance coverage that Defendant owes to mine owners/operators that Defendant insured.  (Dkt. No. 2.)

completed the first discovery phase, they intended to present their policy interpretation arguments to the District Court by filing "cross-motions for summary judgment." (*Id.*) If "additional discovery [was] needed" after the District Court ruled on the summary judgment motions, the parties intended to "then conduct the remaining discovery" via a second discovery phase. (*Id.*)

On February 28, 2013, the District Court granted the parties' joint motion, and it issued a scheduling order that split discovery into two phases. (Dkt. No. 52.) Pursuant to the scheduling order, the "[d]eadline to complete first phase discovery" fell on May 10, 2013. (*Id.* at 1.) The deadline to file summary judgment motions regarding the first discovery phase fell on June 7, 2013. (*Id.*)

On June 7, 2013, the parties filed summary judgment motions regarding the first discovery phase. (Dkt. Nos. 63-64.) To date, these motions remain pending before the District Court. Pursuant to the scheduling order, "within thirty (30) days of receiving the [District] Court's ruling on" these summary judgment motions, the parties "shall . . . present the Court with a stipulated schedule for completion of the second phase of discovery (if necessary) and for trial of any remaining issues in this matter." (Dkt. No. 52 at 2.)

### III. ANALYSIS OF PLAINTIFF'S MOTION TO ENFORCE SCHEDULING ORDER AND FOR A PROTECTIVE ORDER

If a party fails to obey a scheduling order, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii) . . . ." Fed. R. Civ. P. 16(f)(1)(C). Pursuant to Fed. R. Civ. P. 16(f)(1)(C), Plaintiff moves to enforce the scheduling order (Dkt. No. 52) and for a protective order that addresses Defendant's untimely discovery requests. (Dkt. No. 56.)

### A. Interrogatories and Document Production Requests

On April 19, 2013, Defendant served Plaintiff with interrogatories and document production requests that required Plaintiff to respond by May 22, 2013. (Dkt. No. 56-4, Ex. C.) Plaintiff views these requests as untimely because they relate to the first discovery phase but ask Plaintiff to respond after the May 10, 2013 first phase discovery deadline. (Dkt. No. 56 at 6.) Accordingly, Plaintiff seeks to strike the discovery requests as untimely, or it seeks to protect itself from responding to the requests until the second discovery phase commences. (*Id.* at 2, 6, 8.)

Defendant opposes Plaintiff's motion as moot because Defendant "already advised [Plaintiff] that it will not insist on" Plaintiff's responses to the discovery requests. (Dkt. No. 57 at 4.) Defendant clarifies that it only expects Plaintiff to respond after the District Court resolves the pending summary judgment motions and accepts the parties' stipulated schedule for the second discovery phase. (*Id.* at 5 n.1.)

Because Defendant previously agreed to refrain from prematurely requesting these discovery responses, the Court finds that Plaintiff unnecessarily brought this motion regarding the discovery requests. Therefore, the Court **DENIES** Plaintiff's motion insofar as it refuses to strike the discovery requests or to protect Plaintiff from having to respond to them. (Dkt. No. 56.)

### B. Third-Party Subpoena

On April 30, 2013, Defendant notified Plaintiff that it intended to subpoena documents from third-party Kaercher Campbell & Associates Insurance Brokerage. (Dkt. No. 56-5, Ex. D.) It appears that Defendant actually served the subpoena sometime after the May 10, 2013 first phase discovery deadline. (Dkt. No. 56 at 6.) Plaintiff now moves to enforce the scheduling order by

quashing or striking the subpoena as untimely under the first phase discovery deadline. (*Id.* at 6-8; Dkt. No. 68 at 3.)

In its opposition, Defendant claims the subpoenaed documents are relevant to the first discovery phase. (Dkt. No. 57 at 5-6.) As such, Defendant asks the Court to amend the scheduling order to permit the production of the subpoenaed documents under the first discovery phase. (*Id.* at 7.) Alternatively, Defendant argues that the subpoenaed documents are also relevant to the second discovery phase, which the current scheduling order does not prohibit the parties from engaging in. (*Id.* at 5-6.) Therefore, Defendant believes the third-party may timely produce the subpoenaed documents under the second discovery phase. (*Id.*)

In its reply, Plaintiff suggests that amending the first phase discovery deadline would serve little purpose. (*See* Dkt. No. 68 at 3-4.) Defendant already filed a summary judgment motion regarding the first discovery phase without using or referencing the subpoenaed documents. (*Id.* at 4.) The Court agrees with Plaintiff's reasoning. At this stage, the subpoenaed documents would mainly help Defendant with the second discovery phase.

Turning to the second discovery phase, Plaintiff claims that the "plain language" in the parties' joint motion to modify the scheduling order "undercuts" Defendant's assertion that second phase discovery "is currently underway." (*Id.* at 3.) Again, the Court agrees with Plaintiff's reasoning. Based on the parties' joint motion, the Court believes the parties intended to postpone the second discovery phase until after the District Court ruled on their summary judgment motions. (*See* Dkt. No. 51 at 2) (consisting of parties' joint motion to split the case into two phases to "save time and expense that would be spent on experts and conducting discovery on other issues such as damages.")

For these reasons, the Court **GRANTS** Plaintiff's motion insofar as it protects Plaintiff against the premature production of the subpoenaed documents.[2] *See Bare v. Brand Energy & Infrastructure Servs.*, No. 2:09-cv-807-DB-BCW, 2012 WL 5285374, at *3 (D. Utah Oct. 25, 2012) (unpublished) (reasoning that a court could "issue just orders if a party fail[ed] to obey a scheduling order," such as where a party issued a third-party subpoena after the fact discovery deadline); *Scherer v. GE Capital Corp.*, 185 F.R.D. 351, 352 (D. Kan. 1999) (ordering "that discovery by [] subpoenas served upon [] three non-parties not be had" where the plaintiff served such subpoenas after the discovery deadline).

IV. ORDERS

For the reasons detailed above, the Court issues the following **ORDERS**:

The Court **DENIES** Plaintiff's motion to enforce the scheduling order and for a protective order regarding Defendant's April 19, 2013 discovery requests. More specifically, the Court refuses to strike the discovery requests, and it refuses to protect Plaintiff from responding to the requests. (Dkt. No. 56.)

Under Fed. R. Civ. P. 16(f)(1)(C), the Court **GRANTS** Plaintiff's motion to enforce the scheduling order and for a protective order regarding the third-party subpoena that Defendant served. More specifically, the Court protects Plaintiff against the production of the subpoenaed documents until the parties submit a second phase discovery scheduling plan to the District Court. (Dkt. No. 56.)

Under Fed. R. Civ. P. 16(f)(2), the Court **DENIES** Plaintiff's request for attorney's fees incurred by filing its motion. (Dkt. No. 56.) Other circumstances make an award of expenses

---

[2] The Court refrains from quashing the third-party subpoena under Fed. R. Civ. P. 45 because the parties never addressed Plaintiff's standing to quash the subpoena, and Plaintiff brought forth no arguments under Fed. R. Civ. P. 45(d)(3) to justify quashing.

unjust where Defendant previously agreed to delay Plaintiff's discovery responses, and where Defendant delayed serving the third-party subpoena because it could not confirm the third-party's identity until ten days before the first phase discovery deadline.[3]

Dated this 28th day of January, 2014.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] (*See* Dkt. Nos. 57 at 9; 57-1.)